IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SAMUEL M. RUPP,                          )
                    Petitioner,          )
                                         )
          v.                             )   Civil Action No. 11-772
                                         )
                                         )
ARMSTRONG COUNTY D.A., et al.,           )
                    Respondents.         )

REPORT AND RECOMMENDATION

I.        Recommendation

          It is respectfully recommended that the above-captioned case be dismissed for petitioner's

failure to prosecute.

II.       Report

          Petitioner, Samuel M. Rupp, an inmate incarcerated at the State Correctional Institution at

Albion, has submitted a habeas corpus petition against respondents, the Armstrong County

District Attorney and the Attorney General of the Commonwealth of Pennsylvania. However, he

has not submitted the filing fee or a motion for leave to proceed in forma pauperis to prosecute

this case.

          On June 13, 2011, an order was entered (Docket No. 2), directing Petitioner to submit

either the $5.00 filing fee or a motion to proceed in forma pauperis by July 5, 2011 and noting

that failing to submit either of these document would be construed as indicating his decision not

to continue prosecution with this case. To date, he has not filed any response.

          A case cannot proceed without the payment of the filing fee or the granting of in forma

pauperis status. In forma pauperis status cannot be granted without the appropriate documents,

including the motion and an inmate accounting statement for the prior six-month period.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court.  Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992).  In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors.  These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

>    (1)    The extent of the party's personal responsibility.
>
>    (2)    The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.
>
>    (3)    A history of dilatoriness.
>
>    (4)    Whether the conduct of the party or the attorney was willful or in bad faith.
>
>    (5)    The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.
>
>    (6)    The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Petitioner's failure to comply with this Court's orders which weigh heavily against him.  Such compliance was not only Petitioner's sole personal responsibility, Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002), but his continued failure to submit documents and the filing fee even after the Court ordered him to do so appears willful and constitutes a history of dilatoriness.

With respect to the second factor – the prejudice caused to the adversary by the petitioner's failure to comply with this Court's orders – the case cannot proceed until the Petitioner submits the listed documents and therefore his failure to do so causes the respondents prejudice.  Finally, factor No. 6 – the meritoriousness of the claim – will be weighed neither in

2

favor nor against Petitioner.  Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted."  Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal.  It does not appear that monetary sanctions are appropriate.  Emerson, 296 F.3d at 191.  Thus, dismissal appears to be the most appropriate action for this Court to take.

For these reasons, it is recommended that the above-captioned case be dismissed for Petitioner's failure to prosecute.

Litigants who seek to challenge this Report and Recommendation must seek review by a district judge by filing objections within the time specified in the Notice of Electronic Filing. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections will waive the right of appeal.

Respectfully submitted,


s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

Dated: August 3, 2011


cc:     Samuel M. Rupp
        HF-3126
        10745 Route 18
        Albion, PA 16475